UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20701-CR-COOKE/GOODMAN

UNITED STATES OF AMERICA

v.

RAONEL VALDEZ VALHUERDIS,

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Raonel Valdez Valhuerdis (hereinafter referred to as the "defendant") enter into the following agreement:

1.  The defendant agrees to plead guilty to Counts 1, and 4 of the Indictment.   Count 1 charges the defendant with knowingly conspiring to obstruct, delay, and affect interstate and foreign commerce by means of a robbery, in violation of Title 18, United States Code, Section 1951(a). Count 4 charges the defendant with using and brandishing a firearm during and in relation to a crime of violence, that is, the armed robbery charged in Count 3, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

2.  This Office agrees to seek dismissal of the remaining counts of the Indictment, that is Counts 2 and 3, as to this defendant, after sentencing.

3.  The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be

determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. As to Count 1, the defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of supervised release of up to five (5) years.

5. As to Count 4, the defendant also understands and acknowledges that the Court must impose a minimum term of imprisonment of no less than seven (7) years and may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release of up to five years.

6. Any term of imprisonment imposed for Count 4 shall run consecutive to any terms of imprisonment imposed for Count 1. In addition to a term of imprisonment and supervised release, the defendant understands that the Court may impose a fine of up to $250,000 for each of Counts 1 and 4.

7. The defendant further understands and acknowledges that, in addition to any sentence imposed under this agreement, a special assessment in the amount of one hundred dollars ($100) as to each count of conviction for a total of three hundred dollars ($200) will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

8. The defendant also agrees to pay restitution to all victims in this case, including the victims of the conspiracy charged in Count 1, and the crimes charged in Counts 3 and 4, in accordance to a schedule to be set by the Court at the time of sentencing.

9. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

10. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by

timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

11. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

12. The United States and the Defendant also agree to recommend that any sentence imposed by the Court run concurrent with the defendant's term of incarceration under State of Florida Case Number F12-26437.   The United States and the defendant agree to recommend that the defendant should be given credit for one thousand one hundred and twenty eight days spent in state custody since his state arrest on October 22, 2012 because the charge in Counts I of the Indictment involves the same conduct for which the defendant was/is being held in state custody.   The parties agree that the total number of days in state custody under State of Florida Case Number F12-26437 is subject to verification by the probation office.

13. The defendant is aware that the sentence has not yet been determined by the Court.   The defendant also is aware that any estimate of   the   probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office

makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

14. The defendant agrees to forfeit to the United States, voluntarily and immediately, all rights, title, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses, in violation of 18 U.S.C. § 1951(a), pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and any firearm or ammunition involved in or used in the commission of the offenses, in violation of 18 U.S.C. § 924(c), or any violation of any other criminal law of the United States, pursuant to 18 U.S.C. § 924(d)(1). The defendant also agrees to fully cooperate with the Government in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

15. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the assets in any judicial or administrative proceeding, including any claim or defense under the Eighth Amendment to the United States Constitution; waives any applicable time limits to the initiation of administrative or judicial proceedings, and waives any right to appeal the forfeiture.

16. Further, the defendant acknowledges offenses of conviction charged in Counts 1 and 4 are constitutional and that his conduct during the commission of those offenses fall within the scope of Title 18, United States Code, Section 1951(a) and Title 18, United States Code, Sections 924(c)(1)(A)(ii) as charged by the indictment in Counts 1 and 4.

17. The Defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offenses to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to conspiring to obstruct, delay, and affect interstate and foreign commerce by means of a robbery, in violation of Title 18, United States Code, Section 1951(a) and using and brandishing a firearm during and in relation to a crime of violence, removal is presumptively mandatory.   Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.   Defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

18. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

Date: 4/9/18                 By: _____
IGNACIO J. VAZQUEZ, JR.
ASSISTANT UNITED STATES ATTORNEY

Date: 4/9/18                 By: _____
ANA M. JHONES, ESQ.
COUNSEL FOR THE DEFENDANT

Date: 4/9/18                 By: _____
RAONEL VALDEZ VALHUERDIS
DEFENDANT