**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 17-cr-20701-COOKE**

**UNITED STATES OF AMERICA**

**vs.**

**JORGE CONTINO VALHUERDIS,**

     **Defendant.**

_____/

## FACTUAL PROFFER

The United States of America and the Defendant, Jorge Contino Valhuerdis ("Defendant"), through counsel, hereby stipulate and agree that had this case proceeded to trial, the United States would have proved beyond a reasonable doubt that the Defendant did knowingly and willfully combine, conspire, confederate, and agree to possess with the intent to distribute a controlled substance, that is, five hundred (500) grams or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B)(ii) and Title 18, United States Code, Section 846, based upon the following facts, among others:

Between May 20, 2014 and June 4, 2014, the North Miami Beach Police Department (NMBPD) conducted an undercover narcotics sale investigation. A confidential source ("CS") contacted NMBPD and advised of an individual from Panama who was interested in purchasing multiple kilograms of cocaine (approximately seven (7) kilograms). In connection with that purchase, on or about May 27, 2014, the CS spoke to CONTINO VALHUERDIS to discuss where to meet to discuss the transaction. Later that day, CONTINO VALHUERDIS and two other coconspirators met the CS to negotiate the transaction. This meeting is audio and video recorded.

CONTINO VALHUERDIS asked the CS to explain his terms and conditions regarding how the transaction would be completed.   The CS provided a small sample (approximately .6 grams) of cocaine to CONTINO VALHUERDIS for his inspection at this meeting.   The agreed upon price for the cocaine was $24,000 per kilogram.   This meeting took place at the Arby's in North Miami, Florida.   The meeting concluded with a plan to conduct the purchase on the following day, on May 28, 2014.

On or about May 28, 2014, CONTINO VALHUERDIS spoke to the CS and advised that they were ready to meet.   Subsequent discussions confirmed that the plan was to purchase seven (7) kilograms of cocaine from the CS.   On or about May 28, 2014, CONTINO VALHUERDIS and another coconspirator met the CS to conduct the transaction.   This meeting was audio and video recorded.   The CS advised that he had the cocaine in his office but would only take CONTINO VALHUERDIS to the cocaine if he saw the money first.   CONTINO VALHUERDIS stated that he had to see the cocaine first.   Ultimately, the purchase was called off due to the disagreement over whether the money or the cocaine should be presented first.

On or about June 4, 2014, CONTINO VALHUERDIS drove a coconspirator to the purchase of two (2) kilograms from the CS.   This purchase was audio and video recorded.   The parties met at a Burger King in North Miami, Florida, to conduct the transaction.   This meeting resulted in the purchase of approximately two kilograms of cocaine from the CS in exchange for approximately $48,000.   After the exchange took place, law enforcement took CONTINO VALHUERDIS in a nearby car and his co-conspirators into custody.   CONTINO VALHUERDIS was subsequently interviewed by law enforcement.   He was later released on bond in connection with the state charges and failed to appear.   Between May 20, 2014 and June

2

4, 2014, CONTINO VALHUERDIS conspired to possess with the intent to distribute over five hundred (500) grams or more of cocaine.

On June 13, 2019, following CONTINO VALHUERDIS' arrest by law enforcement, he knowingly and voluntarily waived his *Miranda* rights and agreed to speak to law enforcement. During this interview, CONTINO VALHUERDIS admitted that after being arrested in connection with his conduct in May and June of 2014, he received a bond and then failed to attend a court appearance and, after a warrant was issued for his arrest, he fled. During this interview, CONTINO VALHUERDIS discussed his role in the cocaine transaction. CONTINO VALHUERDIS advised that he was working on behalf of the buyer of the cocaine who lived in Panama. CONTINO VALHUERDIS advised that he was going to receive money for his involvement in the transaction.

ARIANA ORSHAN FAJARDO
UNITED STATES ATTORNEY

Date: 9/18/19          By: _____ for
                            J. MACKENZIE DUANE
                            ASSISTANT UNITED STATES ATTORNEY

Date: 9/18/19          By: _____
                            JOSEPH CHAMBROT
                            ATTORNEY FOR DEFENDANT

Date: 9/18/19          By: _____
                            JORGE CONTINO VALHUERDIS
                            DEFENDANT

3